**Frans LIE; Trace Gunawan, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74645.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.[*]

Filed July 16, 2007.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Melissa Neiman–Kelting, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM [**]

Frans Lie and his wife, Trace Gunawan, natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application for asylum and withholding of removal.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Ali v. Ashcroft*, 394 F.3d 780, 784 (9th Cir.2005), we deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's finding that the harms Gunawan suffered did not rise to the level of past persecution and lack a nexus to a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865–66 (9th Cir.2001); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995); *Sanchez–Trujillo v. INS*, 801 F.2d 1571, 1576–77 (9th Cir.1986). Moreover, the harms Gunawan suffered were not sufficiently individualized to demonstrate that she has a well-founded fear of future persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004).

Substantial evidence supports the IJ's finding that Lie failed to testify credibly due to the discrepancies between his various applications and testimony regarding the burning of his house during anti-Chinese riots. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004).

Because Lie and Gunawan cannot meet the lower standard of eligibility for asylum, they have failed to show that they are entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's denial of CAT relief because Gunawan did not establish that it is more likely than not that she will be tortured in Indonesia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir.2004). Substantial evidence supports the IJ's denial of CAT relief because Lie's CAT claim is based on the same testimony that was found not credible, and he points to no other evidence that the IJ should have considered in making the CAT determination. *See Farah*, 348 F.3d at 1157.

The IJ granted voluntary departure for a 60-day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**